# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORENZO KYLES,

           Petitioner,

           v.                                          Case No. 05-C-385

JON E. LITSCHER,

           Respondent.

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

On April 5, 2005, Lorenzo Kyles ("Kyles"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) On April 11, 2005, the Honorable Thomas J. Curran screened Kyles' petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, denied various motions filed by Kyles, and ordered the respondent to answer the petition. (Docket No. 7.) On April 25, 2005, this case was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (Docket No. 11.) On May 5, 2005, the respondent answered the petition, (Docket No. 13), and on August 23, 2006, Kyles responded to the answer. (Docket No. 15.) On October 5, 2007, Kyles filed a motion to expand the record. (Docket No. 19.) The pleadings on Kyles' petition are closed and the matter is ready for resolution.

**FACTS**

On September 30, 2002, pursuant to a guilty plea, Kyles was convicted of first-degree reckless homicide with the use of a dangerous weapon, in violation Wisconsin Statute §§ 939.63 and 940.02(1). (Ans. Ex. A.) On November 12, 2002, he was sentenced to 32 years in prison to be

followed by 8 years of extended supervision. (Ans. Ex. A.) Kyles did not appeal his conviction and on October 14, 2003, Kyles filed a petition for a writ of habeas corpus pursuant to <u>State v. Knight</u>, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), in the court of appeals. In this petition, Kyles alleged that his trial attorney failed to file a notice of appeal like he requested. (Ans. Ex. B.)

On January 30, 2004, the court of appeals determined that Kyles' petition was improper and he was required to first pursue either a petition for a writ of habeas corpus or a motion under Wisconsin Statute § 974.06 in the trial court, and thus dismissed Kyles' petition. (Ans. Ex. C.)

On February 13, 2004, Kyles filed a petition for a writ of habeas corpus in Milwaukee County Circuit Court seeking to have his appellate rights reinstated. (Ans. Ex. D.) On March 10, 2004, the trial court denied Kyles' petition because Kyles never alleged that he wished to appeal his conviction. (Ans. Ex. E.) Kyles appealed, (Ans. Ex. F), and on December 15, 2004, the court of appeals summarily affirmed the trial court, again holding that Kyles failed to demonstrate that he informed his attorney that he wished to appeal his conviction. (Ans. Ex. I.) On February 9, 2005, the Wisconsin Supreme Court denied review. (Ans. Ex. L.)

Kyles raises two grounds for relief. First, he argues that his plea was not knowing and voluntary, and second he argues that he was denied his right to appeal his conviction. At sentencing, Kyles signed the form entitled "Notice of Right to Seek Postconviction Relief" and indicated that he was undecided about whether to appeal his conviction and that the understood he had twenty-days to make that decision and inform his lawyer that he wished to pursue postconviction relief. (Ans. Ex. E.) Kyles sent his trial attorney

> Kyles wrote a letter to his trial attorney dated August 18, 2003 that states:
>
> I'm writing to see what is the status on the lawsuit. Also I'll like to ask you about the twenty days(20) I had for a post-conviction relief. Was you obligated to contact me about the post-conviction relief. I remember writing you a letter about the post-conviction and the lawsuit. Now I'm wondering why you didn't respond to my letter in November of 2002.

(Ans. Ex. D.) Kyles has not provided the court of any letter allegedly sent in November of 2002. Kyles has subsequently moved to supplement the record with phone records indicating that he attempted to contact his attorney ten times between October 16, 2002 and January 17, 2003. Each time, the recipient refused to accept the collect charges or there was no answer. (Docket No. 19 at 7.) However, only three of these calls were in the twenty-day period following Kyles' sentencing, all of which were not accepted by the recipient. (Docket No. 19 at 7.)

Kyles has also submitted a letter his attorney sent him in response to Kyles filing a complaint with the Office of Lawyer Regulation, wherein Kyles' attorney adamantly denies that Kyles ever requested he file a notice of appeal on his behalf. (Docket No. 15.)

**ANALYSIS**

As a preliminary matter, the respondent argues that Kyles' petition is untimely because it was not filed within one-year of his conviction becoming final. The respondent argues that the statute of limitations was not tolled while Kyles' habeas petition was pending with the Wisconsin Court of Appeals because this petition was not "properly filed." It was not until February 13, 2004 that Kyles properly filed a habeas petition in state court.

Even if this court were to accept that Kyles' petition was properly filed so as to toll the one-year of statute of limitations, see 28 U.S.C. § 2244(d)(2), or if this court were to determine that this time should be equitably tolled, see Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), this court would nonetheless be required to conclude that Kyles' petition is untimely. Kyles' conviction became final on December 2, 2002 when twenty days passed from the date of his sentencing without Kyles filing a notice of appeal. See Wis. Stat. § 809.30(2)(b). This is the date the one-year clock began to run, as either the date his conviction became final, see 28 U.S.C. § 2244(d)(1)(A), or as the date that "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," see 28 U.S.C. § 2244(d)(1)(D). It was not until October 14,

2003, (the court is using the date that Kyles stated he signed his petition, because the court has not been provided with sufficient documentary evidence as to when the petition was actually filed) that Kyles filed his petition in the court of appeals, and thus 316 days of the one-year had run. The court of appeals denied his petition on January 30, 2004. Accepting without deciding that the time while this petition was pending should be excluded it was not until February 13, 2004 that Kyles filed his habeas petition in the state trial court and thus an additional 14 days ran. Kyles appealed the trial court's denial and on February 9, 2005, the Wisconsin Supreme Court denied review. Kyles filed his present petition on April 5, 2005, 55 days after the Wisconsin Supreme Court denied review and thus, a total of 385 days had run since his conviction became final. Therefore, even if this court were to accept that the time during which Kyles' habeas petition was pending in the court of appeals should be excluded from the one-year statute of limitations, Kyles' petition is nonetheless 20 days too late. The court finds no reason to conclude that these 20 days should be equitably tolled and therefore this court must deny Kyles' petition as untimely under 28 U.S.C. § 2244(d)(1).

Alternatively, even if this court were to conclude that Kyles' petition was timely filed, this court would nonetheless be required to conclude that his petition must be denied on its merits.

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in <u>Williams v. Taylor</u>, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court

decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing

-5-
Case 2:05-cv-00385-AEG    Filed 02/12/08    Page 5 of 7    Document 20

evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

Although Kyles presents two grounds for relief in his petition, the court interprets Kyles' claim regarding his plea to be related to his ineffective assistance of counsel claim. Specifically, the court interprets Kyles' arguments regarding his plea as his effort to show prejudice from his counsel's alleged failure to file a notice of appeal. The court is precluded from interpreting Kyles' argument as an independent ground for relief because Kyles did not exhaust his state remedies with respect to this claim and thus if the court were to regard his petition as setting forth two distinct claims, the court would be required to dismiss Kyles' petition as a mixed petition. See Rhines v. Weber, 544 U.S. 269, 273 (2005). Therefore, the court shall focus upon Kyles' ineffective assistance of counsel claim.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin court's decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See

Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant under the second prong, the court need not consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Accepting as true that Kyles made efforts to contact his attorney in the twenty-day period following his sentencing, this court, like the state court, finds that Kyles has failed to demonstrate that he ever asked his attorney to file a notice of appeal. In fact, in the letter Kyles provided to this court, it is clear that Kyles' attorney adamantly denies that Kyles ever requested that he file a notice of appeal. Thus, this court is unable to say that the decision of the Wisconsin Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).Therefore, if this court were to reach the merits of Kyles' petition, this court would be required to deny the petition.

**IT IS THEREFORE ORDERED** that Kyles' motion to expand the record, (Docket No. 19) is **granted**.

**IT IS FURTHER ORDERED** that Kyles' petition for a writ of habeas corpus is **denied** as untimely under 28 U.S.C. § 2244(d)(1). The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge